UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GUY L. DISTEFANO,

                              Plaintiff,                    6:25-cv-00358 (BKS/TWD)

v.

THE MARY IMOGENE BASSETT HOSPITAL d/b/a
BASSETT MEDICAL CENTER,

                              Defendant.
_____

**Appearances:**

*For Plaintiff:*
Shawn M. Alfano
Buttafuoco & Associates, PLLC
114 Woodbury Road
Woodbury, NY 11797

*For Defendant:*
Christopher J. Stevens
Sarah N. Clancy
Nixon Peabody LLP
677 Broadway, 10th Floor
Albany, NY 12207

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

       Plaintiff Guy L. DiStefano brings this action against Defendant Mary Imogene Bassett Hospital d/b/a Bassett Medical Center. (Dkt. No. 2). Plaintiff alleges violations of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et. seq ("ADEA"), and the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"). (*Id.*). Presently before the Court is Defendant's motion to dismiss for failure to state a claim pursuant to Federal

1

Rule of Civil Procedure 12(b)(6). (Dkt. No. 6). The motion is fully briefed. (*See* Dkt. Nos. 6-1, 11-1, 12). For the reasons that follow, Defendant's motion to dismiss is granted in its entirety.

II.     FACTS[1]

Plaintiff Guy DiStefano is a former employee of Defendant Bassett Medical Center. (Dkt. No. 2, ¶ 1). Plaintiff "had been employed with Defendant [ ] since on or about February 28, 2022." (*Id.* ¶ 2). Plaintiff "has over twenty-five years of experience in Healthcare and is a licensed C.P.A." (*Id.* ¶ 6). "He has held senior leadership positions in the healthcare industry including the position of Market CFO over four hospitals in Massachusetts." (*Id.*). Plaintiff was a "loyal and dedicated employee for over two years," who "always provided proper directions in reference to the management of his workload and fellow employees." (*Id.* ¶ 4).

"Less than one year" after Defendant hired Plaintiff, Defendant asked Plaintiff "to take on the position of interim CFO." (*Id.* ¶ 7). "Plaintiff performed the extra responsibilities admirably for two and a half months[.]" (*Id.*). "On or about March 27, 2023, the permanent CFO, Jeff Morgan, was hired." (*Id.* ¶ 8). "Mr. Morgan was younger than Plaintiff[,]" and "seemed to take exception to the age and experience of Plaintiff." (*Id.*). "During the time Plaintiff reported to Mr. Morgan," Mr. Morgan often blamed Plaintiff "for other employees' mistakes[.]" (*Id.*). "Plaintiff was targeted with these false accusations because of his age." (*Id.*).

On April 26, 2024, Mr. Morgan terminated Plaintiff "from his position as a Vice President of Financial Operations" and "replaced him with a worker substantially younger than Plaintiff." (*Id.* ¶¶ 9, 12). "The reason given for this termination were [sic] purely pretextual." (*Id.*). Plaintiff was 60 years old at the time he was terminated, and "[e]very job candidate and interim employee

---

[1] These facts are drawn from the Complaint, (Dkt. No. 2), and the attached exhibit, (Dkt. No. 1-2). The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of N.Y.*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true any legal conclusions asserted therein, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

brought in to fill his position has been at least twenty years younger than the Plaintiff." (*Id.* ¶ 5). Mr. Morgan "attempted to twice hire someone over 25 years younger." (*Id.* ¶ 9). "Defendant had not been able to hire for the position and have [sic] used a temporary hire who is approximately 15 years younger and with less experience." (*Id.*). "Upon information and belief, another Vice President in Marketing was also terminated and replaced by a younger worker and said Marketing Vice President brought charges of age discrimination against Defendant[.]" (*Id.* ¶ 11).

"Defendant has a progressive discipline system as part of their employment policy." (*Id* ¶ 10). "The policy requires that an underperforming employee be told in writing about any job performance issue[,]" and "a written performance plan is completed." (*Id.*). "Plaintiff never received any write-up or performance employment plan during his entire tenure with Defendant[.]" (*Id.*).

Plaintiff "filed a charge of discrimination with the EEOC and other state agencies and has obtained a right to sue." (*Id.* ¶ 21; *see also* Dkt. No. 1-2).

**III.    STANDARD**

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. See *EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

IV. **DISCUSSION**

    A. **Materials Outside the Complaint**

As a preliminary matter, Plaintiff's opposition brief relies on several additional factual allegations, including the parties' previous submissions to the EEOC. (Dkt. Nos. 11-1, at 5-6; 11-2; 11-3). Plaintiff apparently concedes that these allegations were not part of the Complaint, requesting that "to the extent that any of the factual arguments contained [in his opposition brief] are deemed necessary to the pleadings, [P]laintiff seeks leave of Court to amend or supplement the Complaint accordingly." (Dkt. No. 11-2, at 7). Defendant asserts that Plaintiff cannot rely "on facts or documents that were not pled, incorporated, or referenced in the Complaint." (*See* Dkt. No. 12, at 5). The Court agrees.

On a 12(b)(6) motion, courts may consider:

(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Weiss v. Inc. Vill. of Sag Harbor*, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011) (citation omitted). "[I]f material is not integral to or otherwise incorporated in the complaint, it may not be considered unless the motion to dismiss is converted to a motion for summary judgment and all parties are 'given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016). Further, "[i]t is well-settled that a plaintiff 'cannot amend [their] complaint by asserting new facts or theories for the

4

first time in opposition to [a] motion to dismiss." *Peacock v. Suffolk Bus Corp.*, 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015) (quoting *K.D. v. White Plains Sch. Dist.,* 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013). Therefore, the Court will not consider supplemental factual allegations contained in Plaintiff's opposition brief in deciding Defendant's motion to dismiss.

    **B.**    **Age Discrimination**[2]

Defendant argues that Plaintiff's claims under the ADEA and NYSHRL must be dismissed, because the Complaint "contains nothing—aside from entirely speculative, conclusory allegations—to support an inference that Plaintiff's age was the but-for cause of [his] termination." (Dkt. No. 6-1, at 8). Plaintiff disagrees, arguing that Plaintiff's burden is "not onerous" at this stage of the litigation. (Dkt. No. 11-1, at 9 (citing *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981))). Plaintiff asserts that his allegation that Defendant hired someone substantially younger is "sufficient evidence for prima facie age discrimination." (*Id.* at 12).

The ADEA makes it "unlawful for an employer . . . to discharge any individual . . . because of such individual's age." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 302 (2d Cir. 2021) (quoting 29 U.S.C. § 623(a)). "Under the ADEA and NYSHRL, a prima facie case of age discrimination consists of four elements: (1) the plaintiff's membership in a protected class; (2) the plaintiff's qualification for a particular position of employment; (3) an adverse employment action by the defendant employer; and (4) some minimal evidence suggesting an inference that the employer acted with discriminatory motivation." *Lebowitz v. New York City*

---

[2] "[A]ge discrimination suits brought under the [NYSHRL] are subject to the same analysis as claims brought under the ADEA." *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) (citations omitted). As such, the Court analyzes the sufficiency of Plaintiff's ADEA and NYSHRL claims together.

*Dep't of Educ.*, 407 F. Supp. 3d 158, 170 (E.D.N.Y. 2017) (citing *Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015)).

"To prevail on an ADEA age discrimination claim, it is not sufficient for a plaintiff to show 'that age was simply a motivating factor' in the employer's adverse action." *Lively*, 6 F.4th at 302-03 (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 174 (2009)). "Instead, the ADEA's requirement that an employer took adverse action 'because of' age [requires] that age was the 'reason' that the employer decided to act." *Id.* at 303 (internal quotations omitted). To establish age discrimination under the ADEA, therefore, "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Id.* (quoting *Gross*, 557 U.S. at 176).[3]

The Second Circuit has held that "an inference of discrimination [ ] arises when an employer replaces a terminated or demoted employee with an individual outside the employee's protected class." *Littlejohn*, 795 F.3d at 312–13. But "[b]ecause the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996); *c.f. Lomonoco v. Saint Anne Inst.*, 768 F. App'x 43, 44 (2d Cir. 2019); *Saenger v. Montefiore Med. Ctr.*, 706 F. Supp. 2d 494, 507 (S.D.N.Y. 2010) ("In age discrimination suits, courts look to whether the replacement is "substantially younger" than the plaintiff, not simply to whether the replacement was under forty.").

---

[3] The Second Circuit has noted that the 'but-for' causation standard for discrimination claims "applies not only at trial but at the pleading stage as well." *Id.* (citing *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 332 (2020)).

"Generally, a plaintiff's replacement by a significantly younger person is evidence of age discrimination." *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 135 (2d Cir. 2000), *abrogated in part on other grounds by Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010). However, a conclusory allegation that the plaintiff was replaced by someone "younger" is not enough, standing alone, to raise an inference of age discrimination. *See Marcus v. Leviton Mfg. Co.*, No. 15-cv-656, 2016 WL 74415, at *3, 2016 U.S. Dist. LEXIS 1085, at *9 (E.D.N.Y. Jan. 6, 2016) (dismissing ADEA and NYSHRL claims where plaintiff alleged that he was replaced by a younger employee, but did not allege "information regarding the circumstances in which the new employee was hired, the new employee's job responsibilities, the new employee's age, and whether the new employee [was] similarly situated to him"), *aff'd*, 661 F. App'x 29 (2d Cir. 2016) ("Without more, the mere fact that an older employee was replaced by a younger one does not plausibly indicate discriminatory motive[.]").

Here, Plaintiff has alleged that he was sixty years old at the time he was terminated, (*see* Dkt. No. 2, ¶ 5), which makes him part of the ADEA's protected group, *see* 29 U.S.C. § 631. Plaintiff has also alleged that he has "over twenty-five years of experience in Healthcare and is a licensed C.P.A.[,]" (Dkt. No. 2, ¶ 6), and Defendant does not appear to dispute (for the purposes of this motion) that Plaintiff was qualified for his job, (see Dkt. No. 12, at 8 n.2 (noting that Defendant's brief "assumed, without conceding" that Plaintiff adequately alleged he was qualified for the position)). Plaintiff's termination is clearly an adverse employment action. *See Green v. Town of E. Haven*, 952 F.3d 394, 404 (2d Cir. 2020). The only question, then, is whether Plaintiff has plausibly alleged that his age was the "but-for" cause of his termination. *See Gross*, 557 U.S. at 176.

7

Plaintiff alleges that he was "targeted" by Mr. Morgan "because of his age." (Dkt. No. 2, ¶ 8). In support of this assertion, Plaintiff alleges that Mr. Morgan "terminated Plaintiff and replaced him with a worker substantially younger than Plaintiff." (*Id.* ¶ 9). Plaintiff provides no other information about his alleged replacement. Further, the Complaint does not clearly allege that Plaintiff has actually been replaced: Plaintiff separately alleges that Defendants have "not been able to fill" his position, and that Defendants "have used a temporary hire" instead. (*See* Dkt. No. 2, ¶ 9).[4] These inconsistent and conclusory allegations are insufficient to support an inference of age-based discrimination. *See Williams v. Victoria's Secret*, No. 15-cv-4715, 2017 WL 1162908, at *8, 2017 U.S. Dist. LEXIS 45813, at *21 (S.D.N.Y. Mar. 28, 2017) (internal quotations and citation omitted) (finding allegation that "upon information and belief" plaintiff "was eventually replaced by someone under the age of 40" was "insufficient to create an inference of discriminatory intent") (collecting cases); *see also Bernstein v. New York City Dep't of Educ.*, No. 21-2670, 2022 WL 1739609, at *2, 2022 U.S. App. LEXIS 15147, at *4 (2d Cir. May 31, 2022) (summary order) ("Bernstein's allegation that he was replaced by a 'younger' teacher is not enough here to raise an inference of age discrimination, especially because Bernstein again fails to allege his replacement's age or allege facts that would allow us to reasonably infer that his replacement was '[ ]significantly younger' than him.").

Plaintiff alleges that he "never received any write-up or performance employment plan during his entire tenure with Defendant," even though Defendant's employment policy "requires that an underperforming employee be told in writing about any job performance issue" and that a "written performance employment plan" be completed. (Dkt. No. 2, ¶ 10). But Plaintiff does not

---

[4] The Complaint is also internally inconsistent; Plaintiff alleges in one paragraph that "[e]very job candidate and interim employee brought in to fill his position has been at least twenty years younger" than Plaintiff, but in another paragraph, he alleges that the "temporary hire" filling his position is "approximately 15 years younger[.]" (Dkt. No. 2, at ¶¶ 5, 9).

8

allege that this policy applied to the positions he held—interim CFO and Vice President of Financial Operations—or that this policy was regularly followed with respect to individuals in those positions, or other facts from which the Court could plausibly infer that Defendant's failure to follow this policy was motivated by discriminatory animus. Nor does Plaintiff identify other similarly situated employees outside of his protected group who received progressive discipline in accordance with Defendant's policy, while Plaintiff did not. *See Watson v. Richmond Univ. Med. Ctr.*, 408 F. Supp. 3d 249, 264 (E.D.N.Y. 2019) ("While a plaintiff can demonstrate disparate treatment with proof that an employer treated a plaintiff less favorably than "similarly situated" employees outside of her protected group, to succeed on such a claim, a plaintiff must, in fact, identify such comparators." (citing *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 65 (2d Cir. 1997))).

Finally, Plaintiff further alleges that, "[u]pon information and belief, another Vice President in Marketing was also terminated and replaced by a younger worker and said Marketing Vice President brought charges of age discrimination against Defendant[.]" (Dkt. No. 2, ¶ 11). However, Plaintiff does not allege the age of either of these individuals or any additional facts about them that would support an inference of age discrimination. *See Lively*, 6 F.4th at 306.[5] Considering all of the allegations in the light most favorable to Plaintiff, the Court finds that he has failed to plausibly allege that his age was the "but-for" cause of his termination, and the Court grants Defendants' motion to dismiss Plaintiff's age discrimination claims under the ADEA and NYSHRL.

---

[5] Defendants also correctly observe that Plaintiff was hired when he was already over the age of forty, and thus a member of the ADEA's protected class. (Dkt. No. 6-1, at 9-10). Some courts have found that, "[a]lthough the ADEA does not necessarily foreclose an age-discrimination claim when a plaintiff was over forty years old when first hired, this substantially weakens any inference of discrimination on Defendants' part." *Spires v. MetLife Grp., Inc.*, No. 18-cv-4464, 2019 WL 4464393, at *8 (S.D.N.Y. Sept. 18, 2019) (collecting cases). Other courts have not found this argument persuasive. *See Hall v. N. Bellmore Sch. Dist.*, 55 F. Supp. 3d 286, 298 n.14 (E.D.N.Y. 2014).

### C. Hostile Work Environment[6]

Defendant seeks dismissal of Plaintiff's hostile work environment claim, arguing that Plaintiff has failed to allege "harassing or hostile conduct," or that such conduct is linked to "purported discriminatory animus" by Defendant. (Dkt. No. 6-1, at 11). Plaintiff disagrees, pointing to his allegations that he was "blamed" for other employees' mistakes and terminated because of his age. (Dkt. No. 11-1, at 14).[7]

"An actionable discrimination claim based on hostile work environment under the ADEA is one for which the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment[.]" *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 240 (2d Cir. 2007) (internal quotation marks and citation omitted); *accord. Davis-Garett v. Urb. Outfitters, Inc.*, 921 F.3d 30, 41 (2d Cir. 2019). "To establish a hostile work environment, plaintiffs must prove that the incidents were sufficiently continuous and concerted to be considered pervasive." *Kassner*, 496 F.3d at 241 (internal quotation marks and citation omitted). "A plaintiff must also demonstrate that [they were] subjected to the hostility because of [their] membership in a protected class." *Id.* (citation omitted); *c.f. Matthews v. Rasa*, No. 24-2499, 2025 WL 3687759, at *2; 2025 U.S. App. LEXIS 33164, at *4-5 (2d Cir. Dec. 19, 2025) (summary order).

Here, Plaintiff alleges that Mr. Morgan, who was younger than Plaintiff, "seemed to take exception to the age and experience of Plaintiff," and that "Plaintiff was often blamed by Mr. Morgan for other employees' mistakes[.]" (Dkt. No. 2, ¶ 8). But Plaintiff has not alleged facts

---

[6] As Defendant points out, it is not clear from the Complaint whether Plaintiff "intends to assert a hostile work environment under the ADEA or NYSHRL[.]" (*See* Dkt. No. 6-1, at 11). Plaintiff's opposition brief appears to clarify that his claim arises under the ADEA. (*See* Dkt. No. 11-1, at 14). In any event, "[t]he standards for evaluating hostile work environment claims are identical under Title VII, the ADEA, and the NYSHRL." *Lebowitz*, 407 F. Supp. 3d at 181 (citations omitted).

[7] Much of Plaintiff's opposition brief on this point refers to materials outside of the Complaint, which the Court will not consider on this motion. *See* discussion *supra* Section IV.A.

explaining his contention that Mr. Morgan "seemed to take exception" to Plaintiff's age, nor does he allege when or how often Mr. Morgan improperly "blamed" him for others' mistakes. *See Wheeler v. Bank of New York Mellon*, 256 F. Supp. 3d 205, 219 (N.D.N.Y. 2017) (dismissing hostile work environment claim based on age where plaintiff did not "say when or how often [certain] remarks were made, an omission that prevents the [c]ourt from assessing the plausibility of a hostile work environment premised on the remarks" (collecting cases)). Further, Plaintiff makes no factual allegations that demonstrate any purported workplace hostility related to his age. *See Mabry v. Neighborhood Def. Serv.*, 769 F. Supp. 2d 381, 396 (S.D.N.Y. 2011) ("[I]solated incidents of workplace conflict unrelated to plaintiff's age are insufficient to state a claim for hostile work environment under the ADEA."). Therefore, Plaintiff's hostile work environment claim must be dismissed. *See Jones v. New York City Dep't of Educ.*, 286 F. Supp. 3d 442, 450 (E.D.N.Y. 2018) (dismissing hostile work environment claim under the ADEA where Plaintiff did not allege supervising principal "ever made an inappropriate comment about age, much less created a workplace severely permeated with discriminatory intimidation, ridicule, and insult").

V.     **LEAVE TO AMEND**

Under Federal Rule of Civil Procedure 15(a), absent certain circumstances not at play here, a party may amend its pleading only with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(1)–(2). Rule 15(a)(2) requires that a court "freely give leave when justice so requires." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). But a court may, in its discretion, deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (quoting *Bensch v. Est. of Umar*, 2 F.4th

70, 81 (2d Cir. 2021). A request to amend is futile where the problem with the claim is "substantive" and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, Plaintiff seeks leave to "amend or supplement the Complaint" to include factual arguments raised in his opposition brief. (Dkt. No. 11-1, at 7). Because it is conceivable that the Complaint's deficiencies could be fixed with better pleading, the Court grants Plaintiff's request for leave to file an amended complaint.

## VI. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 6) is **GRANTED,** and the complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that any amended complaint must be filed within thirty (30) days of the date of this Order; and it is further

**ORDERED** that if Plaintiff does not file an amended complaint within thirty (30) days of the date of this Order, this case will be closed without further order.

**IT IS SO ORDERED.**

Dated: <u>January 26, 2026</u>
       Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge